## COMMONWEALTH *vs.* DANIEL FITZGERALD.

Middlesex. May 4, 1988. — June 8, 1988.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* New trial. *Evidence,* Identity, Scientific test, Medical records, Vasectomy, Inability to obtain evidence. *Rape.*

A judge erred in denying a motion for a new trial following a defendant's conviction of rape, and in concluding that the defendant had failed to meet his burden of showing that a newly discovered medical billing record of a vasectomy procedure performed on him twelve years prior to the alleged rape was unknown to the defendant or his counsel at the time of trial, and that the defendant had failed to establish that his inability to obtain the record was not due to lack of diligence on the part of defense counsel, where evidence that the defendant was incapable of producing the sperm cells revealed by the Commonwealth's chemical tests was fundamental to one theory of his defense, where the record cogently supported the defendant's contention that he was diligent in seeking the missing record and the testimony of his physician, and where affidavits in support of the defendant's motion for a new trial tended to show that the medical record pertaining to the vasectomy procedure was unavailable because it was destroyed by his insurance company, and that his physician declined to testify in the absence of the medical record. [520-521]

INDICTMENT found and returned in the Superior Court Department on July 17, 1985.

An amended motion for a new trial, filed on November 3, 1986, was heard by *Barbara J. Rouse,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Andrew Good* for the defendant.

*Jeffrey Abramson,* Assistant District Attorney (*Patricia Bernstein,* Assistant District Attorney, with him) for the Commonwealth.

NOLAN, J. After a jury trial, the defendant was convicted of rape. He filed a timely appeal and a motion for a new trial. The motion was denied and the defendant filed a notice of appeal

from this denial. We transferred the case to this court on our own motion. For the reasons set forth below, we reverse the conviction and grant the defendant's motion for a new trial.

We recite only those facts necessary to address the issues presented on appeal. On June 5, 1985, several teen-age friends of the defendant's sons gathered at the defendant's house. Included in the group were the complainant and her boy friend. Everyone present at the house, including the defendant, consumed considerable quantities of alcohol throughout the afternoon and evening. The complainant became extremely intoxicated and was assisted by her boy friend and the defendant to the defendant's bedroom to "sleep off" the intoxicating effects of the alcohol. The boy friend removed the complainant's shoes and left the bedroom with the defendant. Sometime later the complainant stated that she awoke to find herself undressed from the waist down with the defendant, who was clothed only in an undershirt, lying over her and penetrating her.

The Commonwealth's case consisted chiefly of the complainant's testimony and the testimony of a State chemist who tested various items for seminal fluid residue. The items included the complainant's underpants, vaginal smears taken at the hospital, the defendant's bathrobe, and blankets removed from the defendant's bed.

The Commonwealth moved to exclude the testimony of the defendant and his wife proffered to show that the defendant had been sterilized by a vasectomy procedure performed twelve years prior to the alleged rape. The trial judge ruled that the defendant and his wife were not competent to testify as to the occurrence of the vasectomy procedure, and that such evidence could be admitted only through the testimony of expert medical personnel. The defendant objected to the ruling.

In addition, cross motions were filed prior to trial by the defendant and the Commonwealth under the rape shield statute, G. L. c. 233, § 21B (1986 ed.),[1] concerning admissibility of

[1] General Laws c. 233, § 21B, sets forth: "Evidence of the reputation of a victim's sexual conduct shall not be admissible in any investigation or proceeding before a grand jury or any court of the commonwealth for a violation of [G. L. c. 265, §§ 13B, 13F, 13H, 22, 22A, 23, 24, 24B and

evidence of consensual sexual relations between the complainant and her boy friend. A voir dire examination was held during which the boy friend testified that within the twenty-four hours prior to the alleged rape, he engaged in sexual intercourse with the complainant in an upstairs bedroom at the defendant's house and that he ejaculated on or near her. The judge reserved ruling on the admissibility of the evidence of the complainant's sexual activity with her boy friend until the prosecution introduced evidence at trial relating to the presence of sperm cells. After the evidence was presented at trial through expert testimony, the defendant renewed his motion. After argument, the judge denied the motion, ruling that under the rape shield statute, c. 233, § 21B, the prejudicial effect to the victim outweighed any weight or relevancy that the evidence of her prior sexual encounter with her boy friend would have yielded. The defendant objected.

Each of these issues was revisited in the defendant's motion for a new trial. The defendant also included in his motion a claim which involved a newly discovered medical billing record of the vasectomy procedure performed on the defendant twelve years prior to the alleged rape. This bill, accompanied by an affidavit of trial counsel and of the physician who performed the operation, supported the defendant's position that he was incapable of producing the sperm cells that were revealed in the chemical testing of the samples recovered from his bedroom. After a hearing before the trial judge, the defendant's motion for a new trial was denied.

G. L. c. 272, § 5]. Evidence of specific instances of a victim's sexual conduct in such an investigation or proceeding shall not be admissible except evidence of the victim's sexual conduct with the defendant or evidence of recent conduct of the victim alleged to be the cause of any physical feature, characteristic, or condition of the victim; provided, however, that such evidence shall be admissible only after an in camera hearing on a written motion for admission of same and an offer of proof. If, after said hearing, the court finds that the weight and relevancy of said evidence is sufficient to outweigh its prejudicial effect to the victim, the evidence shall be admitted; otherwise not. If the proceeding is a trial with jury, said hearing shall be held in the absence of the jury. The finding of the court shall be in writing and filed but shall not be made available to the jury."

In his affidavit, trial counsel stated that, following the issuance of the complaint charging his client with rape, he telephoned the office of Dr. Kenneth R. Greenleaf and inquired whether that office had a record of a vasectomy procedure performed on the defendant in 1973. Shortly thereafter, he was informed that no such record existed. During the months that followed, Dr. Greenleaf was asked whether he would testify that the procedure was conducted despite the absence of a supporting medical record. The doctor declined. Counsel caused a subpoena to be served at Dr. Greenleaf's office, calling for the production of the records.[2] Subsequent to the service of the subpoena, Dr. Greenleaf told counsel that no records pertaining to the vasectomy existed. On the first day of the trial, counsel again communicated with Dr. Greenleaf and inquired about the records. The doctor replied that none could be produced. Upon returning to his law office on the day that the jury returned their verdict in this case, counsel discovered a message recorded on his telephone answering machine from Dr. Greenleaf. The doctor indicated that he had found a billing record showing that he had performed a vasectomy on the defendant in 1973. Dr. Greenleaf subsequently provided the defendant with an affidavit, which was attached to the motion for a new trial, stating that he did perform a vasectomy on the defendant and "[b]ased upon my training and expertise and the facts set forth above, it is my opinion to a very high degree of medical and scientific certainty that any sperm cells found in vaginal smears or upon clothing or other items, which were collected in 1986 in this case, did not come from Daniel T. Fitzgerald." The doctor's affidavit also confirmed the representations made by counsel regarding his several efforts to obtain the medical records.

In her memorandum of decision and order denying the defendant's motion for new trial, the judge ruled that the defendant failed to meet his burden of showing that the evidence of the vasectomy procedure was unknown to the defendant or his

---

[2] An invoice for the delivery of the subpoena was attached to trial counsel's affidavit.

counsel at the time of the trial, *Commonwealth* v. *Brown*, 378 Mass. 165, 171 (1979), and that the defendant failed to establish that his inability to obtain the evidence was not due to lack of diligence on the part of defense counsel. *Davis* v. *Boston Elevated Ry.*, 235 Mass. 482, 495-496 (1920).

One theory of the defense in this case was that the complainant, in her intoxicated state, misidentified the defendant as the man who raped her. It was fundamental to this defense that the defendant have the opportunity to rebut the Commonwealth's chemical evidence by offering evidence tending to show that he was not the source of the seminal fluid found in or near the victim. We have held that, "[w]hen evidence concerning a critical issue is excluded and when that evidence might have had a significant impact on the result of the trial, the right to present a full defense has been denied." *Commonwealth* v. *Bohannon*, 376 Mass. 90, 94 (1978), *S.C.*, 385 Mass. 733 (1982). See *Commonwealth* v. *Jewett*, 392 Mass. 558, 562 (1984) (right to present witnesses to establish a defense is fundamental element of due process).

The judge denied the defendant's motion for a new trial based on what she found to be the defendant's failure to establish that the evidence was unknown and unavailable after a diligent search. Upon review of the evidence, we hold that the judge's demands were not entirely reasonable. The record cogently supports the defendant's contention that he was diligent in seeking both the missing record and the testimony of Dr. Greenleaf. Moreover, the defendant included in his motion for a new trial two affidavits tending to show that the insurance records pertaining to the vasectomy procedure were unavailable because his insurance company regularly destroyed all records more than seven years old. The defendant should not have been required to show more than he did at the hearing before being granted a retrial. We therefore reverse the order denying the defendant's motion for a new trial.

Given our holding above, the judge at retrial is likely to be presented with a different question under the rape shield statute regarding the complainant's recent sexual intercourse with her boy friend. In light of the fact that the defendant will be permitted

to offer evidence in support of his theory of defense that he cannot produce sperm cells, when and if the issue of the origin of the sperm found in and around the complainant arises, the judge at retrial will be faced with different circumstances than were presented at the first trial. We therefore find it inappropriate to pass on that issue absent a likelihood that it will recur at the defendant's new trial.

The judge's order denying the defendant's motion for a new trial is reversed. The case is remanded to the Superior Court for retrial.

*So ordered.*